UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61612-CIV-MARRA

UNITED STATES OF AMERICA,    )
                             )
           Plaintiff,        )
vs.                          )
                             )
                             )
ELEANOR THOMPSON,            )
                             )
           Defendant.        )
_____ )

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion For Summary Judgment [DE 7].  On October 30, 2013, the Court entered a Notice of Summary Judgment [DE 8] in accordance with *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1988). This Notice directed Defendant to file any opposing papers with the Court by November 20, 2013.  It further advised that if Defendant failed to submit the necessary papers, pursuant to Local Rule 56.1(b), the Court would accept as true all material facts set forth in the motion provided that the Court finds that the movant's statement is supported by evidence in the record. No response to the motion has been filed.  As such, this case is ripe for adjudication.  The Court has carefully considered the record, applicable law, and is otherwise fully advised in the premises.

## Background

Defendant Eleanor Thompson executed promissory notes to secure loans of $2,500.00 and $2,500.00 from First Bank (N.A.) at 8.0% per annum. [DE 7-1].  Defendant's loan obligations were guaranteed by Northstar Guarantee, Inc., and then reinsured by the U.S.

1

Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq*. (34 C.F.R. Part 682) [DE 7-2].

The holder demanded payment according to the terms of the notes and credited $569.44 to the outstanding principal owed on the loans. *Id*. Defendant defaulted on the obligation on 2/25/90, and the holder filed a claim on the guarantee. *Id*.

Due to this default, the guaranty agency paid a claim in the amount of $4,547.00 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted unsuccessfully to collect the debt from the borrower. The guarantor then assigned its rights and title to the loans to the Department of Education. *Id*.

In her response to Plaintiff's Complaint, which Plaintiff's counsel filed with the Court on August 14, 2013 [DE 5], Defendant states that she believed that her parents had made the payments on her loans. [DE 5 at 4]. She states that she was advised by an unnamed legal firm that a statute of limitations may apply. *Id*. She offers to enter into a settlement agreement with Plaintiff. *Id*. Plaintiff states in its papers that it reached out to Defendant by letter in response to this overture; however, it received no response from Defendant. [DE 7 at 4].

Defendant has presented no evidence demonstrating that the loan at issue in the instant case was paid.

The Certificate of Indebtedness submitted by the Government in support of its motion [DE 7-2] indicates that after application of all payments, the balance owed by Defendant as of April 7, 1999 is $5,687.41 ($3,760.40 in principal; $1,838.83 in interest; and $88.18 in

administrative/collection costs), with interest continuing to accrue on the principal from that date at a daily rate of $0.82. *Id.*

The Government requests that the Court reserve jurisdiction to enter attorney's fees and costs [DE 7-5].

## **Standard of Review**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendant, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is supported by evidentiary materials. *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

## **Discussion**

The record evidence demonstrates that there is no genuine issue of material fact in dispute relative to the default on the loan. The Defendant's Answer [DE 5] does not defeat the Plaintiff's

Motion for Summary Judgment. Financial inability to repay a loan is not a defense. There is no statute of limitations on the collection of student loans. 20 U.S.C. § 1091a(a).

## Conclusion

In accordance with the conclusions made above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Summary Judgment **[DE 7]** is **GRANTED**. In accordance with Fed. R. Civ. P. 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of January, 2014.

                                              KENNETH A. MARRA
                                              UNITED STATES DISTRICT JUDGE